IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD BROWN** | ) | |
| | ) | |
| **v.** | ) | 3-09-CV-1999-M |
| | ) | |
| **RICK THALER, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type of Case**: This is a petition for habeas corpus relief filed by a state prisoner pursuant to 28 U.S.C. § 2254.

**Parties**: The Petitioner is an inmate confined at the Texas Department of Criminal Justice, Correctional Institutions Division, Michael Unit, Tennessee Colony, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of Case**: Upon his plea of not guilty to the offense of aggravated robbery as charged in No. F-06-62942-US Brown was tried by a jury which returned a verdict of guilty and thereafter assessed his sentence at a term of 55 years imprisonment. Brown timely appealed his conviction and on February 25, 2008, the Texas Court of Appeals of the Fifth District at Dallas affirmed his conviction in an unpublished opinion. His *pro se* petition for discretionary review was

refused by the Texas Court of Criminal Appeals on August 20, 2008. He then filed an application for habeas corpus relief in the trial court pursuant to art. 11.07, Texas Code of Criminal Procedure. He subsequently moved to dismiss the application which was granted by the Court of Criminal Appeals on August 5, 2009. He then filed the present petition on October 19, 2009. *See* Rule 3(d) of the Rules Governing Section 2254 Cases. In response to the petition and this court's show cause order Respondent filed his answer together with copies of Petitioner's prior state proceedings.

**Findings and Conclusions**: Brown's petition for federal habeas corpus relief is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). In pertinent part the AEDPA precludes the granting of habeas corpus relief pursuant to 28 U.S.C. § 2254 unless the State proceeding - "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

Brown raises two grounds for relief in his § 2254 petition - to wit: that he was the victim of an impermissible in-court identification and the prosecutor made an improper closing argument. Both of these grounds were raised as points of error in his direct appeal and in his *pro se* petition for discretionary review which was refused by the Texas Court of Criminal Appeals.

In his first ground for relief Brown contends that the photograph spread identification made by the victim of the aggravated robbery was unduly suggestive resulting in an irreparable misidentification by the victim in the presence of the jury.

The Fifth Court of Appeals addressed this issue in great detail in its opinion affirming

Brown's aggravated robbery conviction. *See* No. 05-06-0141-CR, opinion issued on February 25, 2008, at 1-8. The opinion cited multiple Texas state court opinions which analyzed pretrial identification issues under the two-step analysis set out in the Supreme Court's decision in *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967 (1968). The court also cited *Neil v. Biggers,* 409 U.S. 188, 199-200, 93 S.Ct. 375 (1972), for the five non-exclusive factors to be considered in determining the reliability of a victim's identification of a defendant as well as Texas state cases which applied the *Neil* criteria in assessing reliability.

The court next proceeded to apply the *Simmons* test to the facts related in Brown's case, No. 05-06-0141-CR at 3-6, and found that the photographic identification procedure was not unduly suggestive. In the alternative the court further found that under the *Neil* factors that he had failed to demonstrate a very substantial likelihood of misidentification. *Id.* at 6-8. The undersigned agrees with the analysis and application of Federal law applied by the Texas courts in denying relief on Petitioner's first ground in his § 2254 petition.[1]

In his second ground Brown claims that the prosecutor's closing argument was improper as striking at him over his attorney's shoulder. At least since 1944 the Texas Court of Criminal Appeals has recognized a variant of prosecutorial misconduct based upon a personal attack on the integrity of a defendant's attorney. *See e,g, Summers v. State,* 182 S.W.2d 720, 722 (Tex.Crim.App. 1944); *see also Berry v. State,* 233 S.W.3d 847, 859 (Tex.Crim.App. 2007) and *Magana v. State,* 177 S.W.3d 670, 674-75 (Tex.App. - Houston [1st Dist.] 2005, no pet.). ("A prosecutor runs a risk of improperly

---

[1] Even if this court were to disagree with the State court application of Petitioner's *Simmons* claim, relief is unavailable because he cannot further establish that the decision denying relief unreasonably applied Federal law to the evidence presented in the State court proceedings. *See e.g. Yarborough v. Gentry,* 540 U.S. 1, 124 S.Ct. 1 (2003).

3

striking at a defendant over the shoulders of counsel when the argument is made in terms of defense counsel personally and when the argument explicitly impugns defense counsel's character.").

There is no federal constitutional analogue to the "striking at defendant over counsel's shoulders." Therefore, Brown's second ground fails to allege a cognizable claim that he is in custody "in violation of the Constitution or laws ... of the United States." *See* § 2254(a).

Moreover, the Texas state courts have never been presented with a claim that the prosecutor's argument violated his Federal right to due process under the Fourteenth Amendment and therefore he has failed to satisfy the exhaustion requirement. *See* § 2254(b)(1)(A). Although a federal court may not grant habeas corpus relief on an unexhausted ground, the court may deny relief. *See* § 2254(b)(2).

In order to establish a basis for federal habeas corpus relief based upon the argument of a prosecutor, it "is not enough that the prosecutors' remarks were undesirable or even universally condemned," but that the prosecutors' comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process, *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868 (1974)," *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464 (1986). The Texas courts did not find that the remarks at issue violated Texas state law, No. 05-06-01461-CR, opinion at 8-10, and it is quite clear that the complained of remarks fall far short of the egregious conduct that would entitle Brown to federal habeas corpus relief.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the petition be denied and dismissed.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent..

Signed this 26th day of February, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).