**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RICHARD BROWN, JR., #1387146,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:09-CV-1999-M** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court filed on March 11, 2010, this case has been re-referred to the United States Magistrate Judge for further consideration in light of Petitioner's March 9, 2010 First Motion for Leave to Supplement his Federal Writ Petition. The supplemental findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On February 26, 2010, the magistrate judge filed findings and conclusions recommending that the petition for writ of habeas corpus be denied on the merits. Although Petitioner did not object, he filed the motion to supplement presently at issue on March 9, 2010. The court liberally construes the motion to supplement as a motion to amend under Rule 15, of the Federal Rules of Civil Procedure. Petitioner seeks to raise two new claims: (1) the withholding of exculpatory evidence, and (2) his actual innocence as a result of the withholding of the exculpatory evidence. Petitioner has not submitted a proposed amended petition in compliance with the Local Rules of this court. *See* Local Rule 15.1.

Since a responsive pleading has been filed in this case, Fed. R. Civ. P. 15(a)(2) governs

Petitioner's motion to amend.  That section provides:  "A party may amend its pleading only

with the opposing party's written consent or the court's leave.  The court should freely give leave

when justice requires."  *See* Rule 15(a)(2).  Although leave to amend is to be freely given when

justice so requires, denial of a motion for leave to amend is appropriate when the proposed

amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)

(futility of amendment is adequate justification to refuse to grant leave to amend); *DeLoach v.*

*Woodley*, 405 F.2d 496, 497 (5th Cir. 1968).  The decision whether to grant a motion to amend is

generally left to the sound discretion of the district court.  *Smith v. EMC Corp.*, 393 F.3d 590,

595 (5th Cir. 2004).

The one-year period for filing a petition for writ of habeas corpus elapsed during the

pendency of this habeas action.  *See* 28 U.S.C. § 2244(d)(1).[1]  In order to seek leave to amend,

Petitioner must establish that the proposed amendment relates back to the date of his original

petition.  Under Fed. R. Civ. P. 15(c)(1)(B), "[a]n amendment to a pleading relates back to the

date of the original pleading when the amendment asserts a claim or defense that arose out of the

conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading .

. . ."

Petitioner states the "additional claims . . . relate to the claims that [he] raised in his

original petition."  (Mot. for Leave to Suppl. at 1-2).  The court does not agree.  The original

petition raised two claims: (1) the photograph spread identification was unduly suggestive,

---

[1]      Petitioner timely mailed his federal petition on October 19, 2009, with 129 days
remaining on the one-year limitations period.  The statute of limitations expired on February 26,
2010, five days before Petitioner signed and mailed his motion to supplement.

resulting in an irreparable misidentification by the victim in the presence of the jury, and (2) the

prosecutor's closing argument was improper.  Neither of these claims is related in any way to the

alleged withholding of exculpatory evidence, or Petitioner's actual innocence stemming from the

alleged exculpatory evidence.  Accordingly, Petitioner's motion for leave to amend should be

denied as futile.

RECOMMENDATION:

        For the foregoing reasons, it is recommended that Petitioner's motion for leave to

supplement, construed as a motion for leave to amend (Doc. # 12), be DENIED as futile, and that

the petition for writ of habeas corpus be DENIED and DISMISSED for the reasons set out in the

February 26, 2010 findings, conclusions and recommendation.

        Signed this 12th day of March, 2010.


                                        WM. F. SANDERSON, JR.
                                        UNITED STATES MAGISTRATE JUDGE




                                        NOTICE

        A copy of this report and recommendation shall be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.